IN THE CIRCUIT COURT OF HANCOCK COUNTY, MISSISSIPPI

LEE ROY WEST, JR.                            PLAINTIFF

VERSUS                            CAUSE NO. 09-0701

PROGRESSIVE GULF INSURANCE COMPANY            DEFENDANT

*FILED DEC 03 2009 — KAREN LADNER RUHR, CIRCUIT CLERK, HANCOCK CO., BY ___ D.C.*

## COMPLAINT

### JURY TRIAL REQUESTED

COMES NOW Plaintiff, Lee Roy West, Jr., in the above styled and numbered cause, by and through his attorney of record, Hopkins, Barvié & Hopkins, PLLC, and files this his Complaint against the Defendant, Progressive Gulf Insurance Company (hereinafter "PROGRESSIVE), and in support of said claim for relief would show unto this Honorable Court the following facts, to-wit:

I.

That Plaintiff is of majority and presently resides at 148 George Mitchell Road, Carriere, Pearl River County, Mississippi.

II.

That the Defendant, PROGRESSIVE is a corporation, duly authorized to do business in the State of Mississippi. That at all material times mentioned herein, Defendant, PROGRESSIVE, was and still is, through a licensed mutual insurance company, authorized to issue automobile insurance polices in the State of Mississippi. That as such, PROGRESSIVE has appointed C. T. Corporation as its registered agent, and may served with process at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232, in the manner as provided by law.



EXHIBIT "A"

III.

Plaintiff would show that this action arises out of an incident occurring in Hancock County, Mississippi; and therefore venue is correct according to the provisions of Mississippi Code Annotated §11-11-3 1972, as amended.

IV.

Plaintiff would show that at the time of the subject accident, a vehicle being operated by Harold Richardson was an uninsured/underinsured motor vehicle within the meaning of §83-11-103 of the Mississippi Code of 1972 (Annotated), more specifically, §83-11-103(c)(iii).

V.

Plaintiff would further allege that prior to January 1, 2007, the Defendant, PROGRESSIVE had issued uninsured/underinsured motorist coverage to Lee Roy West, Jr., under Policy No. 40253495-6.

VI.

Plaintiff would further show that said policy was in full force and effect at the time of the collision alleged herein and insured the Plaintiff against losses or damages arising out of the operation of his vehicle. That under the terms of the policy, the Defendant, PROGRESSIVE, among other things, agreed to pay for damages incurred by passengers of the uninsured/underinsured vehicle as a result of injuries sustained by an uninsured/underinsured motorist.

VII.

Plaintiff would further show that, upon information and belief, at all material times mentioned herein, the said Harold Richardson was uninsured/underinsured within the meaning of §83-11-103 of the Mississippi Code of 1972 (Ann.).

2

VIII.

Plaintiff would show that as a result of the negligence of Harold Richardson as specified hereinabove that due to the aforesaid collision, Plaintiff, has sustained bodily injuries to his neck, back, right shoulder, right hip, and arms, together with mental anguish and physical suffering, physical impairment and disability, loss of enjoyment of life, expenses for medical care, including expenses for travel to the physician's office, and past and future lost earnings, all of which entitles Plaintiff to recover from Defendants general and special damages within the jurisdictional limits of this Court as are reasonable in the premises.

IX.

Plaintiff would show that all of the aforesaid are as the direct result of the negligence of the uninsured/underinsured operator of the uninsured/underinsured vehicle and that all sums of money which the Plaintiff contends are due and owing are binding contractual obligations upon the Defendant which the Defendant should be required to pay pursuant to the terms and provisions of the subject policies.

X.

Plaintiff, Lee Roy West, Jr., is also entitled to compensatory damages from PROGRESSIVE up to policy limits as a direct result of injuries and damages arising from this vehicle collision. Plaintiff is also entitled to reimbursement of medical bills pursuant to the medical payments provisions of said policy.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Lee Roy West, Jr., demands judgment of and from the Defendant in a sum which would exceed the jurisdictional requirements of this Honorable Court for all of their actual compensatory damages, including but not limited to, pre-judgment as well as post-judgment interest, punitive damages and all court costs incurred in prosecuting this claim through litigation.

RESPECTFULLY SUBMITTED, this the ___1st___ day of December, 2009.

LEE ROY WEST, JR., PLAINTIFF

BY: _____
    MARIANO J. BARVIÉ, ESQ.

MARIANO J. BARVIÉ
MSB NO. 10324
mbarvie@hopkins-law.com
HOPKINS, BARVIÉ & HOPKINS, PLLC
2701 24th Avenue
Post Office Box 1510
Gulfport, MS 39502
(228)864-2200 (office)
(228)868-9358 (fax)

4